**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Ilene Marie Wahpeta,<br><br>　　　　　Defendant. | No. CR-17-00041-003-PHX-GMS<br><br>**ORDER** |

Before the Court is Defendant Ilene Marie Wahpeta's ("Defendant") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). (Doc. 115.) For the reasons stated below, the Motion is denied.

## BACKGROUND

On October 30, 2017, Defendant pled guilty to Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. 924(c)(1)(A). (Doc. 80 at 1.) She was sentenced to 120 months in prison followed by 5 years of supervised release. (Doc. 81.) Defendant is presently in federal custody at FCI Dublin. She filed the instant motion for compassionate release on September 17, 2020. (Doc. 115).

## DISCUSSION

### I.　　Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United*

*States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).

**II.    Analysis**

Defendant asserts that she "submitted a BP9 to the Warden on 5/14/20 and received a denial." (Doc. 115 at 2, 9.) Exhibit 1, however, does not establish that Defendant submitted the document to the Warden and received a rejection or a lack of response. (Doc. 115 at 9.) It includes only the portion of the form completed by the Defendant, with no indication that it was sent to, received, or processed by the Warden. Defendant has therefore failed to comply with the procedural requirements of 18 U.S.C. § 3582(c).

Moreover, Defendant articulates no circumstances demonstrating an extraordinary and compelling reason for her release. Defendant contests the equity of her sentence, alleging that her conviction for Use of a Firearm in a Crime of Violence did not reflect her role in the incident, and that she deserves a more lenient sentence. She offers no authority suggesting that bare disagreement with a sentence constitutes an extraordinary or

compelling reason for her release and this Court is aware of none. *See United States v. Green*, No. 06-CR-53-CJW-MAR, 2020 WL 3913498, at *5 (N.D. Iowa July 10, 2020) ("Whether the Court finds defendant's sentence harsh, however, is not the question. Instead, the question is whether defendant's . . . incarceration has satisfied the goals of 3553(a) in light of [the extraordinary and compelling reasons presented.]"). The Court thus finds that Defendant has not exhausted her administrative rights or established extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c).

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated that she properly submitted her BP9 request to the Warden or that she has an extraordinary or compelling reason for her release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 115) is **DENIED.**

Dated this 25th day of March, 2021.

G. Murray Snow
Chief United States District Judge